UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PAUL MARTINEZ,

Plaintiff,

- against -

VERIZON, INC.,

Defendant.

**08 CIV. 3060**

**JUDGE KARAS**

COMPLAINT

------------------------------------------------------------------------X

Plaintiff, Paul Martinez, by his Attorney, Barry D. Haberman, Esq., complaining

of the Defendant, Verizon Communications, Inc, respectfully alleges as follows:

1.      Plaintiff, Paul Martinez, herein referred to as "Martinez" is a New York

resident domiciled at 92 Ball Street, #1, Port Jervis, NY 12771.

2.      Said domicile of Plaintiff, "Martinez", is located in the jurisdiction of the

Southern District of New York, United States of America.

3.      Upon information and belief, the Defendant, Verizon, Inc., herein referred

to as "Verizon" is a foreign corporation incorporated under the laws of the State of

Delaware.

4.      Upon information and belief, the principal place of business of the

Defendant, "Verizon" is located at 1095 Avenue of the Americas, New York, New York,

10036.

5.      Upon information and belief, Defendant, "Verizon" is subject to the

jurisdiction of the Southern District of New York.

6.      Upon information and belief, Defendant, "Verizon" has facilities located

in Malone, New York and Saranac Lake, New York.

1

7.    Upon information and belief, Defendant, "Verizon" has facilities located in Newburgh, New York.

8.    Upon information and belief, Defendant, "Verizon" has facilities located in Fallsburg, New York.

9.    Upon information and belief, Defendant, "Verizon" has facilities located in Poughkeepsie, New York.

10.    Upon information and belief, Newburgh, New York, is located in Orange County, a county within the jurisdiction of the Southern District of New York.

11.    Upon information and belief, Fallsburg, New York, is located in Sullivan County, a county within the jurisdiction of the Southern District of New York.

12.    Upon information and belief, Poughkeepsie, New York, is located in Dutchess County, a county within the jurisdiction of the Southern District of New York.

13.    Upon information and belief, Defendant, "Verizon" employs more than 500 people.

14.    Relevant to this action the Plaintiff, "Martinez" was performing duties for the Defendant, "Verizon" within the jurisdiction of the Southern District of New York.

15.    As the Plaintiff, "Martinez" was performing duties for the Defendant, "Verizon" within the Southern District of New York, and as a substantial part of the events giving rise to this claim occurred in the Southern District of New York, under 28 U.S.C. §1391(b) the Southern District of New York is a proper venue for this action.

16.    On or about June 4, 2007, the Plaintiff, "Martinez" filed a Verified Charging Complaint with the United States Equal Employment Opportunity Commission, herein referred to as "EEOC". Said Charging Complaint was designated as EEOC

number 520-2007-03016. Said Charging Complaint alleges discriminatory action by the Defendant, "Verizon" directed against the Plaintiff, "Martinez". A copy of said Charging Complaint is attached herein as Exhibit 1.

17.     On December 27, 2007, the EEOC issued a Notice of Right to Sue to the Plaintiff, "Martinez".

18.     On December 30, 2007, the Notice of Right to Sue was received by the Plaintiff, "Martinez". (See Exhibit 2 attached herein.)

19.     This Summons and Complaint is filed within 90 days of the receipt of said Notice of Right to Sue.

20.     The Plaintiff, "Martinez" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

21.     The Plaintiff, "Martinez" repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

22.     The Plaintiff, "Martinez" is of Hispanic origin.

23.     Upon information and belief, the Defendant, "Verizon" did not employ any Hispanics with the exception of the Plaintiff in the territory north of Manhattan.

24.     Upon information and belief, the Plaintiff, "Martinez" was employed by a firm which performed services for the Defendant, "Verizon" or Defendant's predecessor in interest from August 1996 through August 2006.

25.     Upon information and belief, the Plaintiff, "Martinez" performed such services for the benefit of the Defendant, "Verizon" or Defendant's predecessor in interest in Fallsburg, New York from August 1996 through January 1999.

26.    Upon information and belief, the Plaintiff, "Martinez" performed such services for the benefit of the Defendant, "Verizon" or Defendant's predecessor in interest in Poughkeepsie, New York from 1999 through 2000.

27.    Upon information and belief, the Plaintiff, "Martinez" performed such services for the benefit of the Defendant, "Verizon" or Defendant's predecessor in interest in Malone, New York and Saranac Lake, New York from January 2001 through October 2004.

28.    Upon information and belief, the Plaintiff, "Martinez" performed such services for the benefit of the Defendant, "Verizon" or Defendant's predecessor in interest in Fallsburg, New York from October 2004 through January 2006.

29.    Upon information and belief, the Plaintiff, "Martinez" performed such services for the benefit of the Defendant, "Verizon" or Defendant's predecessor in interest in Newburgh, New York from January 2006 through August 2006.

30.    During the Plaintiff's employment, he was supervised by an employee of the Defendant, David Lindsley, herein referred to as "Lindsley."

31    At all times relevant to this Complaint the Plaintiff, "Martinez" performed his duties in a satisfactory manner.

32.    During the course of the Plaintiff's employment the Defendant, "Verizon" through the acts of the Plaintiff's supervisor "Lindsley" treated him (the Plaintiff) in a demeaning manner, differently than non Hispanic individuals.

33.    Such acts suffered by the Plaintiff included lack of assignment of overtime, long travel distances, etc.

34.    Additionally, the Plaintiff, "Martinez" suffered acts of prejudice and bias which manifested itself through the Defendant's employee, "Lindsley" asserting that nothing that the Plaintiff did was right.

35.    Upon information and belief, Lindsley stated to another employee of the Defendant, "Verizon", "get rid of that spick", meaning terminate the employment of the Plaintiff, "Martinez."

36.    During the course of the Plaintiff's employment by the Defendant, "Verizon", the Plaintiff was disciplined in a manner differently than non-Hispanic employees.

37.    While the Plaintiff "Martinez" was employed at the Defendant's facility in Malone and Saranac Lake, the Plaintiff suffered various discriminatory acts by "Lindsley."

38.    For a time in 2006, the Plaintiff, "Martinez", worked at the Defendant's facility in Newburgh, New York, for a supervisor other than "Lindsley."

39.    Upon "Lindsley" transferring to the Newburgh, New York facility, the pattern of discriminatory acts by and through the Defendant resumed.

40.    Upon information and belief, the Defendant, "Verizon" through Lindsley accused the Plaintiff, Martinez" of improper acts which wrongfully resulted in the Plaintiff's termination of employment.

41.    Upon information and belief, the Plaintiff, "Martinez" was wrongfully suspended from employment (without pay) on August 14, 2006.

42.    Upon information and belief, the Plaintiff, "Martinez" was terminated from employment with finality on September 6, 2006.

43.    Upon information and belief, the Plaintiff, "Martinez" was terminated from employment by the Defendant "Verizon" for allegedly violating a company policy.

44.    The Plaintiff, "Martinez" asserts that he did not violate any company policy and that the allegations of the Defendant "Verizon" were a mere pretext to justify the termination of employment.

45.    Upon information and belief, the actions by the Defendant "Verizon" in treating the Plaintiff, "Martinez differently than non-Hispanic employees was motivated solely by impermissible discriminatory animus based upon national origin.

46.    Upon information and belief the Plaintiff, "Martinez" was terminated from employment by the Defendant, "Verizon" based upon discriminatory animus.

47.    The actions of the Defendant, "Verizon" were in violation of the Plaintiff, "Martinez's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. as amended in 1991.

48.    Under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., the Plaintiff, "Martinez" is entitled to back-pay from the date of the unlawful unpaid suspension and unlawful termination (August 14, 2006 and September 6, 2006 respectively), including salary, projected raises, lost benefits, lost stock option opportunities, lost pension funding, and front pay to put the Plaintiff, "Martinez" in the position he would have been in had the unlawful suspension not occurred. Such front pay includes salary, stock options, fringe benefits and pension benefits.

49.    During the calendar year 2006, the Plaintiff, "Martinez" had gross earnings of $1,224.59 per week.

50.     Upon information and belief, the Plaintiff, Martinez" became gainfully employed on July 23, 2007.

51.     Thus, the Plaintiff, Martinez has wrongfully suffered a loss of income for 50 weeks.

52.     Thus, there is now due and owing from the Defendant, "Verizon" to the Plaintiff, "Martinez" compensatory damages in the amount of $61,229.50 plus punitive damages in an amount of $300,000.00, as well as Attorney's fees.

53.     The Plaintiff, "Martinez" has also been deprived of the value of the Pension and Welfare Program including but not limited to various pensions and medical insurance coverage.

54.     The Plaintiff, "Martinez" seeks the value of said pensions and medical coverage from the date of his wrongful termination of employment forward.  The value of said pensions and medical coverage to be determined at trial.

55.     The Plaintiff, "Martinez" also seeks all out of pocket medical expenses incurred by the Plaintiff, "Martinez" from the end of his employment through the date that he became eligible for health care coverage through his current employer.  The amount of said out of pocket medical expenses to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

56.     The Plaintiff, "Martinez", repeats and reiterates each and every allegation hereinbefore set forth, with the same force and effect as if set forth herein.

57.     Said actions of Defendant, "Verizon", terminating the employment of the Plaintiff, "Martinez", due to discriminatory animus based upon the Plaintiff's national

origin, is a violation of the Plaintiff, "Martinez's", rights under New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

58.    Under New York State Human Rights Law, the Plaintiff, "Martinez", is entitled to back pay, front pay, reinstatement, and restoration of lost fringe benefits.

59.    Thus, there is now due and owing from the Defendant, "Verizon" to the Plaintiff, "Martinez" compensatory damages in the amount of $61,229.50, plus the value the value of said pensions and medical coverage from the date of his wrongful termination of employment, as well as his out of pocket medical costs incurred until eligibility under his current employer's policies.

60.    Additionally, under New York State Human Rights Law, the Plaintiff, "Martinez", is entitled to recover for pain and suffering.

61.    Thus, because of the Defendant, "Verizon's", violation of employment rights of the Plaintiff, "Martinez", the Plaintiff, "Martinez", has suffered damages for pain and suffering in the amount of $150,000.00.

62.    Thus, there is now due and owing from the Defendant, "Verizon," to the Plaintiff, "Martinez", the amount of $150,000.00 for damages from pain and suffering.

**WHEREFORE**, the Plaintiff, Paul Martinez, demands judgment:

(1)    Against the Defendant, "Verizon" for termination of his employment due to discriminatory reasons on the basis of his national origin, in violation of the Plaintiff, "Martinez's" rights under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(2)    Against the Defendant, "Verizon" awarding the Plaintiff, "Martinez", compensatory damages in the amount of $61,229.50, the value of lost pension and health benefits and actual out of pocket health costs in an amount to be determined at trial, and punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII") for the wrongful termination of employment.

(3)    Against the Defendant, "Verizon" for termination of his employment due to discriminatory reasons on the basis of his national origin, in violation of the Plaintiff, "Martinez's" rights under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq.

(4)    Against the Defendant, "Verizon" awarding the Plaintiff, "Martinez", compensatory damages in the amount of $61,229.50, the value of lost pension and health benefits and actual out of pocket health costs in an amount to be determined at trial, and damage for pain and suffering in the amount of $150,000.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Executive Law (Article 15), sec. 290 et. seq. for the wrongful termination of employment.

(5)    Awarding attorney fees as applicable under "Title VII".

(6)    Granting to Plaintiff, "Martinez" such other and further relief as the Court deems just and proper.

Dated: New City, New York
      March 25, 2008

                                                  Barry D. Haberman, Esq. (bh 2589)
                                                  Attorney for Plaintiff
                                                  Paul Martinez
                                                  254 South Main Street, #401
                                                  New City, New York 10956
                                                  845-638-4294

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**NEW YORK DISTRICT OFFICE**
-------------------------------------------------------------------------------X
PAUL MARTINEZ

                                  Complainant,

         -against-

VERIZON INC.

                                  Respondent.

**EEOC NO.:** 520-2007-
**DATE FILED:** 03016

**VERIFIED**
**CHARGING**
**COMPLAINT**

-------------------------------------------------------------------------------X

Complainant, complaining of the Respondent, by Barry D. Haberman, Esq. respectfully

alleges:

        1.      Plaintiff, Paul Martinez, herein referred to as "Martinez" is a New York

resident domiciled at 92 Ball Street, #1, Port Jervis, NY 12771.

        2.      Upon information and belief, the Defendant, Verizon Communications,

Inc., herein referred to as "Verizon" is a foreign corporation incorporated under the laws

of the State of Delaware.

        3.      Upon information and belief, the principal place of business of the

Defendant, "Verizon" is located at 1095 Avenue of the Americas, New York, New York,

10036.

        4.      Upon information and belief, Respondent, "Verizon" has facilities located

in Malone, New York and Saranac Lake, New York.

        5.      Upon information and belief, Respondent, "Verizon" has facilities located

in Newburgh, New York.

        6.      Upon information and belief, Respondent, "Verizon" has facilities located

in Fallsburg, New York.

1

RECEIVED
JUN 4 - 2007
EEOC-NYDO-ENFORCEMENT

7.    Upon information and belief, Respondent, "Verizon" has facilities located in Poughkeepsie, New York.

8.    Upon information and belief, Respondent, "Verizon" employs more than 500 people.

9.    The Complainant, "Martinez" is of Hispanic origin.

10.    Upon information and belief, the Respondent, "Verizon" did not employ any Hispanics with the exception of the Complainant in the territory north of Manhattan.

11.    The Complainant, "Martinez" was employed by a firm which performed services for the Respondent, "Verizon" or Respondent's predecessor in interest from August 1996 through August 2006.

12.    The Complainant, "Martinez" performed such services for the benefit of the Respondent, "Verizon" or Respondent's predecessor in interest in Fallsburg, New York from August 1996 through January 1999.

13.    The Complainant, "Martinez" performed such services for the benefit of the Respondent, "Verizon" or Respondent's predecessor in interest in Poughkeepsie, New York from 1999 through 2000.

14.    The Complainant, "Martinez" performed such services for the benefit of the Respondent, "Verizon" or Respondent's predecessor in interest in Malone, New York and Saranac Lake, New York from January 2001 through October 2004.

15.    The Complainant, "Martinez" performed such services for the benefit of the Respondent, "Verizon" or Respondent's predecessor in interest in Fallsburg, New York from October 2004 through January 2006.

16.    The Complainant, "Martinez" performed such services for the benefit of the Respondent, "Verizon" or Respondent's predecessor in interest in Newburgh, New York from January 2006 through August 2006.

17.    During the Complainant's employment, he was supervised by an employee of the Respondent, David Lindsley, herein referred to as "Lindsley."

18    At all times relevant to this Complaint the Complainant, "Martinez" performed his duties in a satisfactory manner.

19.    During the course of the Complainant's employment the Respondent, "Verizon" through the acts of the Complainant's supervisor "Lindsley" treated him (the Complainant) in a demeaning manner, differently than non Hispanic individuals.

20.    Such acts suffered by the Complainant included lack of assignment of overtime, long travel distances, etc.

21.    Additionally, the Complainant suffered acts of prejudice and bias which manifested itself through the Respondent's employee, "Lindsley" asserting that nothing that the Complainant did was right.

22.    Upon information and belief, Lindsley stated to another employee of the Respondent, "Verizon", "get rid of that spick", referring to the Complainant.

23.    During the course of the Complainant's employment by the Respondent, "Verizon", the Complainant was disciplined in a manner differently than non-Hispanic employees.

24.    While the Complainant was employed at the Respondent's facility in Malone and Saranac Lake, the Complainant suffered various discriminatory acts by "Lindsley."

3

25.    For a time in 2006, the Complainant, worked at the Respondent's facility in Newburgh, New York, for a supervisor other than "Lindsley."

26.    Upon "Lindsley" transferring to the Newburgh, New York facility, the pattern of discriminatory acts by the Respondent resumed.

27.    Upon information and belief, the Respondent through Lindsley accused the Complainant of improper acts which resulted in the Complainant's termination of employment.

28.    Upon information and belief, the Complainant, "Martinez" was terminated from employment with finality on September 6, 2006.

29.    Upon information and belief, the Complainant, "Martinez" was terminated from employment by the Respondent, "Verizon" for allegedly violating a company policy.

30.    The Complainant asserts that he did not violate any company policy and that the allegations of Respondent were a mere pretext to justify the termination of employment.

31.    Upon information and belief, the actions by the Respondent, "Verizon" in treating the Complainant differently than non-Hispanic employees was motivated solely by impermissible discriminatory animus based upon foreign alienage.

32.    Upon information and belief the Complainant, "Martinez" was terminated from employment by the Respondent, "Verizon" based upon discriminatory animus.

33.    The actions of the Respondent, "Verizon" were a violation of the Complainant's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law sec. 290 et. seq.

4

34.     But for the discriminatory and unlawful actions of the Respondent, "Verizon", the Complainant, "Martinez" would still be employed by said Respondent, "Verizon" with all of the wages, and benefits such employment provides.

35.     Thus, for all of the violations of the Federal Statutes, the Complainant, "Martinez" is entitled to "back pay" from the date of the unlawful discrimination and termination of employment including salary, projected raises, lost benefits, lost stock option opportunities, and lost pension funding, "front pay", to put the Complainant, "Martinez" in the position he would have been in had the unlawful discrimination not occurred and his employment lasted until normal retirement age. Such "front pay" includes salary, stock options, fringe benefits, and pension benefits. Complainant, "Bilal" is entitled to punitive damages, and to recover attorney fees.

36.     The Complainant, "Martinez" explicitly reserves the right to seek redress for the injuries suffered under all contract and tort and theories, violations of statutory schemes (Federal and/or New York State) and *respondent superior* theories permitted by the Courts.

37.     The date of the last discriminatory act by the Respondent, "Verizon" directed against Complainant, "Martinez" was September 6, 2006.

Dated: New City, New York
       May 28, 2007

BARRY D. HABERMAN, ESQ.
Attorney for Complainant
PAUL MARTINEZ
254 South Main Street, #401
New City, New York 10956
845-638-4294

## VERIFICATION

That the deponent, PAUL MARTINEZ, is the Complainant, in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, deponent believes them to be true. The grounds for deponent's belief as to all matters not stated upon his knowledge are investigations which he has made or has caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

The undersigned affirms that the foregoing statements are true.

Dated: New City, New York
      May 30, 2007

_____
PAUL MARTINEZ

**IN PRESENCE OF**

STATE OF NEW YORK    )
                      )
COUNTY OF ROCKLAND )

    On the_____30_____day of May 2007, before me, the undersigned, a Notary Public in and for said State, personally appeared **PAUL MARTINEZ,** personally known to me or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

BARRY D. HABERMAN
Notary Public, State Of New York
No. 02HA6057921
Qualified In Rockland County
Commission Expires 04/30/2011

Index No.        Year 2007

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

PAUL MARTINEZ

Complainant,

-against-

VERIZON INC.

Respondent

VERIFIED CHARGING COMPLAINT

BARRY D. HABERMAN, ESQ.
Attorneys for Complainant, Paul Martinez
Office and Post Office Address
254 South Main Street, #401
New City, New York 10956
845-638-4294

To
Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

BARRY D. HABERMAN, ESQ.

Attorneys for

Office and Post Office Address
254 South Main Street, #401
New City, New York 10956
845-638-4294

To
Attorney(s) for

NOTICE OF SETTLEMENT

Sir: - Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon.

One of the judges of the within named Court, at

on
at        M.
Dated,

Yours, etc.

BARRY D. HABERMAN, ESQ.

Attorneys for

Office and Post Office Address
254 South Main Street, #401
New City, New York 10956
845-638-4294

To
Attorney(s) for

Form 161-B (3/98)
## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   **Paul Martinez**
      **92 Ball Street**
      **Unit 1**
      **Port Jervis, NY 12771**

From:  **New York District Office**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

RECEIVED

**DEC 3 0 2007**

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2007-03016** | **Hazel C. Stewart,** **Supervisory Investigator** | **(212) 336-3776** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
**Director**

*12-27-2007*
*(Date Mailed)*

Enclosures(s)

cc:   **Andrea Demarco**
      **EEO Compliance**
      **VERIZON**
      **240 East 38th Street, Room 1706**
      **New York, NY 10016**

      **Barry D. Heberman, Esq.**
      **254 South Main Street, Suite 401**
      **New City, New York 10956**